1  Joshua H. Haffner, Esq. SBN 188652
2  jhh@haffnerlawyers.com
   Alfredo Torrijos, SBN 222458
3  at@haffnerlawyers.com
   Vahan Mikayelyan, Esq. SBN 337023
4  vh@haffnerlawyers.com
   **HAFFNER LAW PC**
5  15260 Ventura Blvd., Suite 1520
   Sherman Oaks, California 91403
6  Tel: (213) 514-5681
   Fax: (213) 514-5682
7
   Attorneys for Plaintiff
8
9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11  MANDY SAECHAO, an individual,          **Case No.:    3:25-cv-02431-RFL**
    on behalf of himself and all others
12  similarly situated,                    **FIRST AMENDED COMPLAINT
                                            FOR CLASS ACTION AND PAGA
13                                          PENALTIES**

                    Plaintiff,             **COMPLAINT FOR:**
14
                                           **(1) FAILURE TO PAY MINIMUM
15      v.                                  WAGES;**

                                           **(2) FAILURE TO PAY OVERTIME;**
16
    UNITED PARCEL SERVICE, INC.;           **(3) FAILURE TO PROVIDE MEAL
17  and DOES 1 through 10, inclusive,       BREAKS;**

18                  Defendants.            **(4) FAILURE TO PROVIDE REST
                                            BREAKS;**
19
                                           **(5) FAILURE TO FURNISH
20                                          TIMELY AND ACCURATE WAGE
                                            STATEMENTS;**
21
                                           **(6) FAILURE TO PAY ALL
22                                          WAGES UPON SEPARATION; and**

                                           **(7) VIOLATION OF
23                                          CALIFORNIA'S UNFAIR
                                            COMPETITION ACT, Business &
24                                          Professions Code §17200, et seq.**

                                           **(8) PAGA PENALTIES (Labor Code
25                                          § 2698, et seq.)**

26                                         **DEMAND FOR TRIAL BY JURY**

27
28

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

Plaintiff Mandy Saechao, also known as Mouang Saechao, ("Plaintiff") brings this class and representative action against defendants United Parcel Service, Inc., and Does 1 through 10 (collectively "Defendants"), and alleges the following:

## NATURE OF THE ACTION

1.      This is a California statewide class action for wage and labor violations arising out of Defendants' wrongful conduct in violation of California Labor codes and regulations.

2.      As more fully set forth herein, Plaintiff Mandy Saechao worked in a UPS warehouse/shipping center assisting with loading packages into truck trailers in preparation for shipment. Defendants' engaged in numerous Labor Code violations, including but not limited to, failing to pay minimum wage and overtime for all hours worked, failing to provide duty free meal and rest breaks, and other Labor Code violations, as alleged herein.  Among other things, Defendants subjected Plaintiff and class members to exit screening security checks without compensating them, and which prevented them from taking duty free meal and rest breaks.  In addition, Defendants' regularly had Plaintiff and class members works over 5 hours, without providing a timely meal break.  Defendants engaged in a pattern and practice of unlawful behavior, including but not limited to, failing to provide Plaintiff and class members with all compensation owed, and failing to provide timely meal and rest breaks. Plaintiff seeks to represent similarly situated employees for wage, meal and rest break violations and other labor violations, as set forth herein.

3.      Plaintiff also brings this representative action pursuant to the Private Attorneys General Act of 2004, Labor Code §§ 2698, et seq. ("PAGA") on behalf of the State of California and other current and former aggrieved employees of Defendant for engaging in a pattern and practice of wage and hour violations under the California's Labor Code and applicable wage orders.

4.    Plaintiff brings this representative action against Defendants on behalf of other aggrieved employees of Defendants in California seeking all civil penalties and unpaid wages permitted pursuant to Labor Code §§ 2698, et seq.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court.  The acts and omissions complained of in this action took place in the State of California.  Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court, and/or because defendant United Parcel Service, Inc. is a foreign corporation without a designated principal business office in California, and maintains branches, facilities and offices and transacts business within this Judicial District.

## PARTIES

6.    Plaintiff Mandy Saechao ("Plaintiff") was, at all relevant times is, a California-based employee resident and citizen of the State of California.  Plaintiff worked at United Parcel Service packing and distribution facility in California as a non-exempt employee.

7.    Defendant United Parcel Service, Inc. ("UPS") is a business entity licensed to do, and is doing, business in the State of California.  Plaintiff is informed and believes, and on that basis alleges, that Defendant is a package delivery and supply chain management company.  UPS ships and distributes cargo through interstate and international commerce from the warehouse facilities maintained in California, including the facility where Plaintiff worked.

8.    Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to allege

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

1  the true names and capacities of said fictitiously named defendants when their true

2  names and capacities have been ascertained.  Plaintiff is informed and believe and

3  thereon alleges

4         9.      that each of the fictitiously named defendants is legally responsible in

5  some manner for the events and occurrences alleged herein, and for the damages

6  suffered by the Class.

7         10.     Plaintiff is informed and believes and thereon alleges that all

8  defendants, including the fictitious Doe defendants, were at all relevant times acting

9  as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint

10  venturers and/or employees of all other defendants, and that all acts alleged herein

11  occurred within the course and scope of said agency, employment, partnership, and

12  joint venture, conspiracy or enterprise, and with the express and/or implied

13  permission, knowledge, consent a

14         11.     uthorization and ratification of their co-defendants; however, each of

15  these allegations are deemed "alternative" theories whenever not doing so would

16  result in a contradiction with other allegations.

17                **FACTS COMMON TO ALL CAUSES OF ACTION**

18         12.     Plaintiff and the Class work as non-exempt employees for Defendants

19  at UPS' packaging and distribution ware facilities in California, in capacities such

20  as packing and loading packages which had travelled through interstate commerce

21  in truck trailers, for delivery.  Plaintiff worked for Defendant at its warehouse

22  delivery facility in California through December 2024.

23         13.     Defendants committed numerous Labor Code violations which

24  deprived Plaintiff and class members of minimum wage, overtime, and meal and

25  rest periods.

26         14.     Among other things, Defendants subjected Plaintiff and class members

27  to off-the-clock entry and exit screening security checks without compensating

28  them, and which prevented them from taking duty free meal and rest breaks.

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

1   Employees spent time undergoing the security and bag checks.  As many

2   employees start and end their shift at the same time, lines form at the security check

3   and it can take 5 to 10 minutes or more to get through the security check.

4          15.    These security checks result in uncompensated hours worked because,

5   for instance, at the end of the shift, Plaintiff and non-aggrieved employees were

6   clocked out but still had to go through the security check under Defendant's control.

7   These violations lead to inaccurate wage statements and separation pay violations.

8          16.    This security check time also impacts employees when an employee

9   tries to take his or her meal or rest break.  Plaintiffs and non-aggrieved employees

10  were under Defendant's control after entering the facility because they could not

11  exit without completing Defendant's mandatory exit security procedures.  Thus, the

12  meal and rest breaks were not uninterrupted, and were not free of Defendant's

13  control.  Defendants as a matter policy engaged in these security checks which

14  denied Plaintiff and class members compensation, and uninterrupted breaks free of

15  Defendant's control.

16         17.    Plaintiff and class members were forced to undergo exit checks after

17  clocking out for meal breaks or at the end of a shift, and thus the time was not

18  compensated. Plaintiff and class members were also forced to undergo

19  uncompensated security checks entering the building.   Because Plaintiffs were

20  under the control of Defendants while undergoing security checks, that off-the -

21  clock time waiting to undergo and undergoing security checks constitutes hours

22  worked for which they should have been compensated. This additional time

23  worked, also resulted in Plaintiffs and non-exempt employees not receiving

24  compensation for all time worked, including overtime hours.

25         18.    Plaintiff and the Class were assigned to and required to work for

26  periods lasting in excess of five (5) hours and were not timely provided a meal

27  within five hours of starting working.  Defendants as a matter of policy did not

28  properly compensate for untimely meal breaks, or have an adequate method to

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

provide them, and did not relieve Plaintiff and other Class members of duties to take timely meal breaks. Plaintiff and the Class members were on duty for Defendants, and did not receive the required timely and duty-free meal breaks.

19.    Defendants' conduct, as alleged herein, has caused Plaintiff and the Class members damages including, but not limited to, loss of wages and compensation. Defendants have failed to pay for all time worked, failed to provide timely meal breaks, failed to provide rest breaks, failed to provide timely and accurate wage statements, failed to pay all wages owed upon termination, and engaged in unfair competition.

20.    Defendants' conduct violated, among other statutes, Labor Code §§ 201, 202, 203, 204, 218.5 226, 226.3, 226.7, 510, 512, 1194, as well as IWC Wage Order No. 7-2001.

21.    Plaintiff is a member of and seeks to be the representative for the similarly situated employees and/or independent contractors who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices.

22.    Plaintiff is a member of and seeks to be the representative for the similarly situated aggrieved employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendants unlawful employment practices as alleged herein.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

23.    Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> All current or former California residents who worked for Defendants in any warehouse, fulfillment, or other delivery center in California at any time beginning four (4) years prior to the filing of the original Complaint in this matter through the date of judgment or preliminary approval of a resolution.

24.    Plaintiff reserves the right to amend or otherwise alter the sub-class

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

25. **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable.  The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

26. **Existence of Predominance of Common Questions of Fact and Law:**  Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

    a. Whether Plaintiff and class members are under Defendants' control while undergoing security checks, such that it is hours worked or otherwise compensable time;

    b. Whether Defendant violated IWC Wage Order 7 contained in 8 CCR 11070, as well as California Labor Code §§200, 203, 223, 226, 226.7, 500, 510, 512, 515, 1194, and 1198;

    c. Whether Plaintiff and class members are entitled to recover the unpaid wages, premium wages for missed meal and rest breaks;

    d. The nature and extent of class-wide injury and the measure of restitution for the injury.

    e. Whether Defendants failed to properly compensate Plaintiff and the members of the Class for minimum wages as required by California law;

    f. Whether Defendants failed to properly compensate Plaintiff and the members of the Class for overtime wages as required by California law;

    g. Whether Defendants failed to properly compensate Plaintiff and the members of the Class for premium wages for meal break violations as

1    required by California law;

2    h.  Whether Defendants failed to properly compensate Plaintiff and the

3        members of the Class for premium wages for rest break violations as

4        required by California law;

5    i.  Whether Defendants violated Labor Code § 226(a) by issuing inaccurate

6        itemized wage statements to Plaintiff and members of the Class;

7    j.  Whether Defendants failed to pay all wages due on separation;

8    k.  Whether Defendants engaged in an unfair business practice in violation

9        of Business & Professions Code §17200, et seq., based on the labor

10       practices and Labor Code violations alleged herein;

11   l.  The nature and extent of class-wide injury and the measure of damages

12       for the injury.

13   27.  **Typicality**: Plaintiff's claims are typical of the claims of the members

14   of the Class she represents because Plaintiff, as a warehouse packer for Defendants,

15   was exposed and subjected to the same unlawful business practices as other

16   warehouse personnel employed by Defendants during the liability period.  Plaintiff

17   and the members of the classes sustained the same types of damages and losses.

18   28.  **Adequacy:** Plaintiff is an adequate representative of the Class she

19   seeks to represent because her interests do not conflict with the interests of the

20   members of the classes Plaintiff seeks to represent.  Plaintiff has retained counsel

21   competent and experienced in complex class action litigation and Plaintiff intends

22   to prosecute this action vigorously.  The interests of members of each Class will be

23   fairly and adequately protected by Plaintiff and her counsel.

24   29.  **Superiority and Substantial Benefit:** The class action is superior to

25   other available means for the fair and efficient adjudication of Plaintiff and the

26   Class members' claims. The damages suffered by each individual Class member

27   may be limited.  Damages of such magnitude are small given the burden and

28   expense of individual prosecution of the complex and extensive litigation

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

necessitated by Defendants' conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if memb

30.    ers of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

31.    The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substa

c. ntially impair or impede their ability to protect their interests; and

d. Defendants have acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGES
### (Violation of Labor Code §§ 510, 1194, 1194.2, 1197; Wage Order No. 7-2001, §4)
### (Against All Defendants)

32.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

33.    Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work."  Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

34.    Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employ

35.    ee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

36.    Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." Pursuant to IWC Wage Order No. 7-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

37.    Plaintiff and Class members were required to work time for which they were not compensated, in violation of California's minimum wage laws.  This includes, but is not limited to, including but not limited to, time spent undergoing exit security checks.

38.    At all times relevant during the liability period, under the provisions of the Labor Code and Wage Order No. 7-2001, Plaintiff and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

39.    For all hours that Plaintiff and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

§ 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.  Pursuant to Labor Code § 1194, Plaintiff and the Class members are also entitled to their attorneys' fees, costs and interest according to proof.

40.    At all times relevant during the liability period, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Class members the amounts owed.

41.    Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all other similarly situated employees, and Defendants has done so continuously throughout the filing of this complaint.

42.    As a direct and proximate result of Defendants' violation of Labor Code §§ 510 and 1197, Plaintiff and other Class members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution. Plaintiff, on behalf of themselves and on behalf of the Class, seeks damages and all other relief allowable including all wages due while working as Defendants' drivers, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code § 200 *et seq*.

43.    Plaintiff and the Class members are entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiff and the Class of members no longer employed, waiting time penalties pursuant to Labor Code § 1194.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY ALL OVERTIME AND DOUBLE TIME WAGES
**(Violation of *Labor Code*§§ 510 and 1194; Wage Order No. 7-2001, § 3(A))**

44.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

45.    California *Labor Code* §510 provides that, "Any work in excess of

eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. . ."

46.    Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreeme

47.    nt to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

48.    Section 3(a)(1) of Wage Order No. 7-2001 also mandates that employers pay one and one-half times the employees' regular rate of pay for employees who work more tha

49.    n eight (8) hours in a day or forty (40) hours in a week, and two times their regular rate of pay for any work in excess of twelve (12) hours in one day.

50.    At all times relevant hereto, Plaintiff and members of the Class were non-exempt for purposes of the overtime and double pay requirements set forth in the Labor Code and Wage Order No. 7-2001.  In addition, during the Class period, Plaintiff and other members of the Class regularly worked over 8 more per day, and over 40 hours per week.  Plaintiff and other members of the Class were not paid overtime, including but not limited to, time spent undergoing security checks. Plaintiff and the Class seek to recover unpaid overtime and double-time compensation in an amount to be determined at trial, as well as attorney's fees and costs.

///

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
**(Violation of Labor Code §§ 512 and 226.7; IWC Wage Order No. 7-2001, § 11)**
**(Against All Defendants)**

51.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

52.    California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

53.    IWC Order No. 7-2001(11)(A) provides, in relevant part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutua

54.    l consent of the employer and the employee."

55.    Section 512(a) of the California Labor Code provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes,

56.     except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

57.    As alleged herein, Defendants failed to authorize and permit uninterrupted meal breaks. Plaintiff and members of the Class were routinely

required to work without an uninterrupted, duty free meal break at the direction of Defendants and/or with Defendants' knowledge and acquiescence. Defendants also regularly failed to provide timely meal breaks.

58.     By its actions in requiring its employees to undergo security checks and work through meal periods and/or its failure to relieve drivers of their duties for their off-duty meal periods, Defendant have violated California Labor Code § 226.7 and § 11 of IWC Wage Order No. 7-2001, and is liable to Plaintiff and the Class.

59.     As a result of the unlawful acts of Defendants, Plaintiff and the Class have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code § 226.7(b) and § 11 o

60.     f IWC Wage Order No. 7-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide its employees with timely statutory off-duty meal periods.

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE OR PAY FOR REST BREAKS
**(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 7-2001, §12)**

61.     Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

62.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

63.     IWC Order No.7-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof. However, a rest

1   period need not be authorized for employees whose total daily work times is less

2   than three and one-half hours.  Authori

3       64.    zed rest period time shall be counted as hours worked for which there

4   shall be no deduction from wages."

5       65.    IWC Order No. 7-2001 (12)(B) further provides, "If an employer fails

6   to provide an employee with a rest period in accordance with the applicable

7   provisions of this order, the employer shall pay the employee one (1) hour of pay at

8   the employee's regular rate of compensation for each workday that the rest period is

9   not provided."

10      66.    As alleged herein, Defendant failed to provide or pay rest breaks

11  during the Class period.  Because Plaintiff and Class members could not leave the

12  facility without undergoing a security check, they were not free from Defendants'

13  control during rest breaks.  Defendant failed to pay Plaintiff and class members

14  based on their regular rate of compensation under Labor Code §226.7(c) for missed

15  rest breaks.

16      67.    By their actions, Defendant violated § 12 of IWC Wage Order No. 7-

17  2001 and California Labor Code § 226.7, and are liable to Plaintiffs and the Class.

18      68.    Defendants' unlawful conduct alleged herein occurred in the course of

19  employment of Plaintiff and all others similarly situated.

20      69.    As a direct and proximate result of Defendant's unlawful action,

21  Plaintiffs and the Class have been deprived of timely rest periods and/or were not

22  paid for rest periods taking during the Class period, and are entitled to recovery

23  under Labor Code  § 226.7(b) in the amount of one additional hour of pay at the

24  employee's regular rate of compensation for each work period during each

25      70.     day in which Defendant failed to provide employees with timely

26  and/or paid rest periods.

27  ///

28  ///

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

1
2
3

**FIFTH CAUSE OF ACTION**
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE**
**STATEMENTS**
**(Violation of Labor Code §§ 226 and 226.3)**

4      71.    Plaintiff re-alleges, and incorporates by reference, the preceding

5    paragraphs of this Complaint, as though fully set forth herein.

6      72.    California Labor Code § 226(a) provides: "Every employer shall,

7    semimonthly or at the time of each payment of wages, furnish each of his or her

8    employees, either as a detachable part of the check, draft, or voucher paying the

9    employee's wages, or separately when wages are paid by personal check or cash, an

10   accurate itemized statement in writing showing (1) gross wages earned, (2) total

11   hours worked by the employee…, (3) the number of piece-rate units earned and any

12   applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

13   provided that all deductions made on written orders of the employee may be

14   aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of

15   the period for which the employee is paid, (7) the name of the employee and his or

16   her social security number, except that by January 1, 2008, only the last four digits

17   of his or her social security number or an employee identification number other

18   than a social security number may be shown on the itemized statement, (8) the

19   name and address of th

20      73.    e legal entity that is the employer, and (9) all applicable hourly rates in

21   effect during the pay period and the corresponding number of hours worked at each

22   hourly rate by the employee."

23      74.    Labor Code § 226(e) provides that an employee is entitled to recover

24   $50 for the initial pay period in which a violation of § 226 occurs and $100 for each

25   subsequent pay period, as well as an award of costs and reasonable attorneys' fees,

26   for all pay periods in which the employer knowingly and intentionally failed to

27   provi

28      75.    de accurate itemized statements to the employee causing the employee

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

1    to suffer injury.

2        76.    Plaintiff is informed, believe and thereon alleges that at all times

3    relevant, Defendants knowingly and intentionally failed to furnish and continues to

4    knowingly and intentionally fail to furnish Plaintiff and the Class with timely and

5    accurate itemized statements showing the gross wages earned by each of them, as

6    required by Labor Code § 226 (a), in that the payments owed to Plaintiff and the

7    members of the Class for unpaid wages, overtime, and missed meal and rest

8    periods, were not included in gross wages earned by Plaintiff and the Class.

9        77.    Defendants' failure to provide Plaintiff and members of the Class with

10   accurate itemized wage statements during the Class period has caused Plaintiff and

11   members of the Class to incur economic damages in that they were not aware that

12   they were owed and not paid compensation for missed rest periods and meal

13   periods, for hours worked without pay, and for overtime worked without pay.

14       78.    As a result of Defendants' issuance of inaccurate itemized wage

15   statements to Plaintiff and members of the Class in violation of

16       79.    Labor Code  § 226(a), Plaintiff and the members of the Class are each

17   entitled to recover penalties pursuant to § 226(e) of the Labor Code.

18                        **SIXTH CAUSE OF ACTION**
19          **FAILURE TO PAY ALL WAGES DUE AT SEPARATION**
20                    **(Violation of Labor Code § 203)**

21       80.    Plaintiff re-alleges, and incorporates by reference, the preceding

22   paragraphs of this Complaint, as though fully set forth herein.

23       81.    California Labor Code §§ 201 and 202  requires Defendant to pay all

24   compensation due and owing to former employees at or around the time

25   employment is terminated.  Section 203 of the California Labor Code provides that

26   if an employer willfully fails to pay compensation promptly upon discharge or

27   resignation, as required by §§ 201 and 202, then the employer is liable for penaltie

28       82.    s in the form of continued compensation up to thirty (30) work days.

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

83.     At all times relevant during the liability period, Plaintiff and the other members of the Class were employees of Defendant covered by Labor Code § 203.

84.     Plaintiff and the Class were not paid for their work performed, as set forth herein, including minimum wage and overtime pay, and premium pay for meal and rest break violations.

85.     Defendants willfully failed to pay Plaintiff and other members of the Class who are no longer employed by Defendant for their uncompensated time worked, and for other items alleged herein upon their termination or separation from employment with Defendant as required by California Labor Code §§ 201 and 202.  As a result, Defendants are liable to Plaintiff and other members of the Class who are no longer employed by Defendant for all wages or compensation owed, as well as waiting time penalties amounting to

86.     thirty days wages for Plaintiff and each such Class member pursuant to California Labor Code § 203.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**
**(Violation of California's Unfair Competition Law**
**Bus. & Prof. Code §§ 17200 *et seq.*)**
**(By Plaintiff Against All Defendants)**

87.     Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

88.     Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

89.     Through its action alleged herein, Defendants has engaged in unfair competition within the meaning of the UCL.  Defendants' conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

90.     Defendants' unlawful conduct under the UCL includes, but is not limited to, violating Labor Code §§ 201, 202, 203, 226(a), 226.7, 512, 1194, 2802,

California Wage Order No. 7-2001, and the other statutes and regulations alleged herein.  Defendants' unfair conduct under the UCL includes, but is not limited to, failure to pay Class members wages and compensation they earned through labor provided, and failing to otherwise compensate Class members, as alleged herein. Defendants' fraudulent conduct includes, but is not limited to, issuing and/or causing to be issued wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due.

91.    Plaintiff has standing to assert this claim because she has suffered injury in fact and has lost money as a result of Defendants' conduct.

92.    Plaintiff and the Class seek restitution from Defendants, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

<u>**EIGHTTH CAUSE OF ACTION**</u>
**REPRESENTATIVE CLAIM UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEY GENERAL ACT**
**(Violation of California's Labor Code §§ 2698 *et seq*.)**
**(Against All Defendants)**

93.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

94.    Plaintiff brings this cause of action individually and in his representative capacity on behalf of the State of California and on behalf of the following employees of Defendants:

> All current or former employees of Defendant who at any time from January 28, 2024 to the present (the "PAGA Period") worked for Defendant in California in any warehouse, fulfillment, or other delivery center in California, and suffered one or more Labor Code violations enumerated in sections 2698 et seq. of the Labor Code ("Aggrieved Employees").

95.    The claims alleged herein are appropriately suited for a Labor Code Private Attorneys General Act of 2004 ("PAGA") action because:

a.    Pursuant to California Labor Code § 2699(a), any provision of the *Labor Code* "that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in section 2699.3."

b.    This action involves allegations of violations of provisions of the California Labor Code that provide or do not provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies, or employees.

c.    Plaintiff is an "aggrieved employee" because he was employed by the alleged violators and had one or more of the alleged violations committed against him.

d.    Plaintiff satisfied the procedural requirements of section 2699.3 by serving, via certified mail, the LWDA and Defendants with notice for wage and hour violations and penalties, including the facts and theories to support each violation.  More than 65 days have passed since Plaintiff served via certified mail to LWDA and her former employer.  Therefore, Plaintiff satisfied all the administrative requirements to pursue civil penalties against Defendants pursuant to Labor Code section 2698, *et seq.*

96.    Plaintiff filed this cause of action pursuant to Labor Code section 2699(a) and (f), on behalf of all current and former aggrieved employees of Defendants to recover civil penalties.

97.    Defendants, including the Doe defendants, were Plaintiff's employers or persons acting on behalf of Plaintiff's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

1   the Industrial Welfare Commission and, as such, are subject to penalties for each

2   underpaid employee, as set forth in Labor Code § 558, at all relevant times.

3       98.    Plaintiff, on behalf of himself and all other aggrieved employees of

4   Defendants, seeks to recover all applicable civil penalties pursuant to PAGA.

5                                       **PRAYER**

6       WHEREFORE, Plaintiff, on behalf of himself and all others similarly

7   situated and also on behalf of the general public, prays for judgment against

8   Defendants as follows:

9       A. An order that this action may proceed and be maintained as a class

10      action

11      B. For all unpaid minimum wages and liquidated damages due to Plaintiff

12      and each member on their minimum wage claim;

13      C. For all unpaid overtime wages and liquidated damages under

14      California law due to Plaintiff and each Class member on their

15      overtime wage claim;

16      D. For one hour of wages due to Plaintiff and each Class member at their

17      regular rate of compensation for each meal break violations;

18      E. For one hour of wages due to Plaintiff and each Class member at their

19      regular rate of compensation for each rest break violations;

20      F. For statutory penalties under Labor Code § 226(e) for Plaintiff and

21      each Class member;

22      G. An order requiring Defendants to comply with Labor Code § 226(a)

23      with respect to all currently employed members of the Class;

24      H. For damages and/or penalties under Labor Code Sections 201, 202,

25      and 203 for the failure to provide all wages due at separation;

26      I. For restitution pursuant to the UCL;

27      J. An order enjoining Defendants from further unfair and unlawful

28      business practices in violation of Business & Professions Code §§

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

1    17200 *et seq.*

2    K. General, special and consequential damages, to the extent allowed by

3    law;

4    L. Prejudgment interest at the maximum legal rate;

5    M. Reasonable attorneys' fees;

6    N. Accounting of Defendants' records for the liability period;

7    O. For penalties and other relief pursuant to Labor Code § 2698 *et seq.* for

8    Plaintiff and all other Aggrieved Employees;

9    P. Costs of suit; and

10    Q. Such other relief as the Court may deem just and proper.

11

12

13    DATED: August 5, 2025                    **HAFFNER LAW PC**

14                                        By: _____

15                                             Joshua H. Haffner

16                                             Vahan Mikayelyan
                                              Attorneys for Plaintiff
17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for herself and the Class members on all claims so triable.


DATED: August 5, 2025                    **HAFFNER LAW PC**



By:    _____

Joshua H. Haffner
Vahan Mikayelyan

*Attorneys for Plaintiff and others
Similarly situated*

**FIRST AMENDED COMPLAINT FOR CLASS ACTION AND PAGA PENALTIES**