UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANDY SAECHAO,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

Defendant.

Case No. 25-cv-02431-RFL

**ORDER GRANTING ADMINISTRATIVE MOTION FOR ORDER COMPELLING PRODUCTION OF DATA**

Re: Dkt. No. 75

Plaintiff Mandy Saechao seeks an order compelling Defendant United Parcel Service ("UPS") to produce data UPS relied on in opposing Saechao's motion for class certification. Saechao's motion is **GRANTED**.

Alongside its opposition, UPS filed an expert declaration from Robert W. Crandall, which analyzes UPS's employee data. (*See* Dkt. No. 59.) "In connection with this assignment," UPS provided Crandall with "Global Time System ('GTS') timekeeping, payroll, badge swipe, and SCAR (security check point activity record) data." (*Id.* ¶ 5.) UPS gave Crandall timekeeping data from over 1.5 million shifts and detailed activity data from more than 3,000 employees. (*Id.* ¶ 7.) UPS then relied heavily on Crandall's analysis in its class certification opposition. (*See, e.g.*, Dkt. No. 57 at 12–13 (all citations refer to ECF pagination).) But UPS did all of this without disclosing the data to Saechao. (*See* Dkt. No. 75-1.)

Withholding this data violates the Court's Civil Standing Orders. When disclosing an expert report, "the disclosing party must identify all written materials upon which the expert relies in that report and produce those materials if they have not done so previously." Standing Order for Civ. Cases Before Judge Rita F. Lin (Sept. 4, 2026) at 8. "Writing" is defined under the Federal Rules of Evidence as "letters, words, numbers, or their equivalent set down in any form." Fed. R. Evid. 1001(a). Under these rules, UPS was required to provide Saechao with the employee data it provided to Crandall when it disclosed Crandall's expert report.

Failure to comply with these rules is sanctionable under Rule 37(c)(1). *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). UPS's withholding was neither substantially justified nor harmless. However, it would be too harsh a sanction to strike Crandall's declaration in its entirety. Instead, UPS must promptly produce this data to Saechao, and Saechao must be provided sufficient time to respond. The Court therefore **ORDERS** as follows:

1. UPS must produce to Saechao all data upon which Crandall relied by **September 29, 2026**. Subject to the Protective Order entered in this action, the data must be produced in the same electronic form in which it was provided to Crandall. To the extent it has not already been produced, this includes all data identified in paragraphs 6 through 10 of Crandall's declaration as well as all entries included in the "Documents Reviewed and Relied Upon" list attached to Crandall's declaration.
2. Saechao's reply deadline is extended to **October 20, 2026**. Saechao may also file a rebuttal expert declaration alongside her reply addressing this newly disclosed data.
3. If Saechao files a rebuttal expert declaration as described above, UPS may file a sur-reply by **October 27, 2026**, of no more than five pages responding only to the issues raised in the rebuttal expert declaration.
4. The class certification hearing remains as set for **November 19, 2026, at 10:00 a.m**. The hearing on UPS's Motion to Strike Expert Testimony of Justin Regus (Dkt. No. 78) is advanced to November 19, 2026, at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: September 22, 2026

RITA F. LIN
United States District Judge