UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANDY SAECHAO,
Plaintiff,
v.
UNITED PARCEL SERVICE, INC.,
Defendant.

Case No. 25-cv-02431-RFL

**NOTICE OF QUESTIONS FOR HEARING**

Re: Dkt. Nos. 50, 78

The Court requests that the parties be prepared to address the following questions at the hearing on Mandy Saechao's motion for class certification and UPS's motion to strike, set for November 19, 2026, at 10:00 a.m., in Courtroom 4 on the 17th floor of the San Francisco Courthouse:

1. Saechao contends that UPS discourages and interrupts the proposed class's meal breaks and rest periods by making them pass through security screening to leave and reenter the workplace. UPS contends that this liability determination would vary by facility, because some facilities allow workers to pass through a metal detector without breaking stride, which does not interrupt or discourage breaks. To show UPS's security screening procedures uniformly require a more burdensome screening across facilities, Saechao principally relies on a "Clean In/Clean Out Procedures" document. (Dkt. No. 51-2 at 73.)[1] While UPS appears to communicate this document to employees (*id.* at 196), the procedures do not

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

appear to apply uniformly across facilities. (*See, e.g.*, *id.* at 59.) Is there other evidence of burdensome security procedures uniformly applied across facilities?

2. Saechao relies principally on time records to show evidence of a classwide practice of denying meal periods. But it is difficult to discern from the record what percentage of shifts had such facial violations. *See Hasty v. Hyatt Corp.*, No. 25-CV-02662-RFL, 2026 WL 3270166, at *2 (N.D. Cal. Oct. 30, 2026) (declining to certify class premised solely on 22.6% facial violation rate). Regus contends "the subset of GTS data produced by Defendant indicates 95,743 shifts with facial meal period violations." (Dkt. No. 88-1 ¶ 5.) But how many shifts were analyzed in total? (*See* Dkt. No. 59 ¶ 54 (suggesting the total was 684,121).)

3. Does the record contain evidence regarding the percentage of shifts with facial meal period violations in which employees had meal period waivers on file?

4. Saechao contends walking time between UPS's security and the time clocks is compensable as a matter of law, whereas UPS says it is not. If Saechao's theory is wrong, all class members would lose this claim on the merits. Do the parties agree with this analysis? If so, isn't that a question that will have a classwide answer, and that is therefore reserved for the merits stage? *See Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 468–69 (2013).

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: November 16, 2026

RITA F. LIN
United States District Judge